UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JENNY FABIOLA BARBECHO
MOROCHO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,

Respondents.

Case No.  1:26-cv-05223   (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. Nos. 1, 2

Petitioner filed a Petition for Writ of Habeas Corpus (Dkt. No. 1) and a Motion for Temporary Restraining Order ("TRO") (Dkt. No. 2) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Fleeing Ecuador, Petitioner entered the United States on September 15, 2025, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 1 ¶ 18. On September 22, 2015, Petitioner was released from custody pursuant to a grant of humanitarian parole under 8 U.S.C. § 1182(d)(5). Dkt. No. 2-3 at 9. After her release, Petitioner began living in the United States where she has raised her child as a single mother and applied for asylum. Dkt. No. 1 ¶¶ 19, 26. On June 9, 2026, Petitioner as arrested by Immigration and Customs Enforcement ("ICE") near her home. *Id*. ¶ 22. She is currently detained at the California City Detention Center. *Id*. ¶ 23.

Many prior orders within this district are dispositive on the issues raised in the Petition and motion for a temporary restraining order. *See, e.g.*, *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1102–1106 (E.D. Cal. 2026) (granting release where Petitioner was previously released on parole pursuant to §1228(d)(5) and Respondents failed to provide any process prior to revocation of parole); *Jose A.C. v. Warden of the California City Corr. Ctr.*, No. 2:26-CV-01339-TLN-

CSK, 2026 WL 1076330, at \*3–4 (E.D. Cal. Apr. 20, 2026) (same); *Altin v. Chestnut*, No. 1:26-CV-00792-DC-CSK (HC), 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (same); *Omer G. G. v. Kaiser*, 815 F. Supp. 3d 1098, 1108–1111 (E.D. Cal. 2025) (granting constitutionally adequate bond hearing where Petitioner was previously released on parole and Respondents failed to provide any process prior to revocation of parole).

For the reasons stated in those cases, Petitioner is entitled to relief. Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking her release. Petitioner has a clear liberty interest in her continued freedom. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining her out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On July 8, 2026, the Court issued a briefing schedule on the TRO, and indicated that it intended to rule on the habeas petition and TRO together. *See* Dkt. No. 4. Respondents filed an opposition on July 10, 2026, noting that "[t]his case is in the category of cases for which the Court has typically ordered immediate release[,]" but maintaining that Petitioner is "an 'applicant for admission' who is subject to mandatory immigration detention under 8 U.S.C. § 1225(b)." Dkt. No. 6 at 1. Both parties indicated in their briefing that they would prefer that the Court resolve both the motion and the underlying petition on the current briefing. *See id*.; Dkt. No. 7 at 4.

Respondents' argument regarding the applicability of § 1225(b) has been widely rejected throughout this circuit. As Respondents offer no further argument distinguishing this matter from prior cases in which release was ordered, relief is warranted here.[1]

---

[1] The Court notes that Respondents attached a RAP sheet to their response indicating that Petitioner was issued a "Probation Before Judgment conviction … for the charge of Driving

Accordingly, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (Dkt. No. 1) is GRANTED. Respondents are ORDERED to immediately release Andy Pineda-Marquez from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: July 14, 2026

VINCE CHHABRIA
United States District Judge

---

Vehicle While Under the Influence of Alcohol" over three years ago on January 5, 2023. Respondents, however, have not argued that her prior probation justifies her current detention, revocation of her release, or a particular form of relief here. The Court would have considered such an argument had it been made. *C.f. Selis Tinoco v. Noem,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting release of a petitioner who had been arrested for driving under the influence because no neutral arbiter at a bond hearing under had determined that the DUI arrest shows the petitioner is a danger to the community); *Cajina v. Wofford*, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *1, 6 (E.D. Cal. Nov. 21, 2025) (ordering petitioner's immediate release and enjoining and restraining respondents from re-detaining petitioner absent a pre-detention hearing, despite petitioner being charged with driving under the influence).